**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH LATORRE,**<br>**Administrator of the Estate of Rogelio Latorre, Deceased,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CUYAHOGA COUNTY, OHIO, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 1:24-cv-02006**<br><br>**JUDGE PATRICIA A. GAUGHAN**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

**THE MEDICAL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Now comes Defendants The MetroHealth System ("MetroHealth"), Julia Bruner, M.D., Laurel Domanski Diaz, and New Party Defendant "Nurse Reese" (collectively hereinafter referred to as "Medical Defendants" and/or "Answering Defendants"), by and through counsel, and for their Answer to Plaintiff's Second Amended Complaint, state as follows:

**ANSWER TO PARTIES**

1. Answering Defendants deny each and every allegation set forth in Paragraph 1 of Plaintiff's Second Amended Complaint [ECF No. 36] (hereinafter referred to as "Plaintiff's Second Amended Complaint").

2. Answering Defendants deny each and every allegation set forth in Paragraph 2 of Plaintiff's Second Amended Complaint as stated, except admit that on November 15, 2023, Rogelio Latorre (aka Rogelio Cubano) was remanded to the Cuyahoga County Corrections Center ("CCCC").

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations set forth in Paragraph 3 of Plaintiff's Second Amended Complaint, and specifically deny that Defendant Cuyahoga County was the employer or principal of Defendants Julia Bruner, M.D. or Laurel Domanski Diaz or "Nurse Reese", at any time pertinent hereto.

4. Answering Defendants admit that the Cuyahoga County Corrections Center ("CCCC") is located at 1215 W. 3rd St., Cleveland, OH 44113 and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of Plaintiff's Second Amended Complaint.

5.-13. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 5 through 13, inclusive, of Plaintiff's Second Amended Complaint.

14. Answering Defendants admit that The MetroHealth System was and is a political subdivision organized under the laws of the State of Ohio, and that Cuyahoga County contracts with The MetroHealth System to provide certain medical and mental health services at CCCC. Answering Defendants further deny each and every remaining allegation set forth in Paragraph 14 of Plaintiff's Second Amended Complaint.

15. Answering Defendants admit that Defendant Dr. Julia Bruner served as the Senior Vice-President, Behavioral Health and Corrections Medicine Operations at CCCC through her employment with The MetroHealth System at the time of Rogelio Latorre's 2023 detention. Answering Defendants further deny each and every remaining allegation set forth in Paragraph 15, particularly due to Plaintiff's misidentification of Dr. Bruner in Paragraph 15 of the Second Amended Complaint, rendering the allegations unintelligible and incomprehensible as phrased.

16. Answering Defendants admit that Defendant Laurel Domanski Diaz was the Administrator of Correctional Medicine at CCCC through her employment with The MetroHealth System at the time of Mr. Latorre's 2023 detention. Answering Defendants further deny each and every remaining allegation set forth in Paragraph 16 of Plaintiff's Second Amended Complaint.

17. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of Plaintiff's Second Amended Complaint.

18. Answering Defendants deny each and every allegation set forth in Paragraph 18 of Plaintiff's Second Amended Complaint.

19.-24. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 19 through 24, inclusive, of Plaintiff's Second Amended Complaint, for lack of knowledge and insofar as the allegations pertain to unknown, unidentified, and misidentified fictitious people and/or "John Doe" Defendants.

25.-27. Answering Defendants admit that at all times relevant to and referenced in Plaintiff's Second Amended Complaint, working within the bounds of MetroHealth's contract with Cuyahoga County to provide medical and mental health services to CCCC, the Medical Defendants provided and continue to provide constitutionally acceptable, high-quality medical and mental health services to their patients: detainees and inmates at CCCC. Further, Answering Defendants deny each and every remaining allegation set forth in Paragraphs 25 through 27, inclusive, of Plaintiff's Second Amended Complaint.

28.-34. Answering Defendants deny each and every allegation set forth in Paragraphs 28 through 34, inclusive, of Plaintiff's Second Amended Complaint.

**33.-34 MISNUMBERED IN PLAINTIFF'S SECOND AMENDED COMPLAINT.** The Plaintiff included paragraphs in his Second Amended Complaint that repeated the numbering "33" and "34". Answering Defendants deny each and every allegation set forth in the misnumbered Paragraphs "33" and "34" that immediately precede correctly numbered Paragraph 35 of Plaintiff's Second Amended Complaint.

35. Answering Defendants deny each and every allegation set forth in Paragraph 35 of Plaintiff's Second Amended Complaint.

36. Answering Defendants deny each and every allegation set forth in Paragraph 36 of Plaintiff's Second Amended Complaint, and dispute Plaintiff's legal authorities set forth in Paragraph 36 of Plaintiff's Second Amended Complaint, as incomplete and not reflective of past precedent in this District regarding Plaintiff's obligation to satisfy the Affidavit of Merit requirements of Ohio law as a condition precedent to asserting medical claims.

## ANSWER TO OVERVIEW

37. Answering Defendants deny each and every allegation set forth in Paragraph 37 of the Plaintiff's Second Amended Complaint.

38. Answering Defendants deny the allegations set forth in Paragraph 38 of Plaintiff's Second Amended Complaint as those allegations reference an incorrect date of the Plaintiff's Decedent's detention. Further answering, the Answering Defendants admit that Decedent Rogelio Latorre was a detainee at CCCC on or about November 15-16, 2023. Answering Defendants further deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of Plaintiff's Second Amended Complaint.

39. Answering Defendants deny each and every allegation set forth in Paragraph 39 of Plaintiff's Second Amended Complaint, as those allegations relate to events that occurred at Mr. Latorre's Pretrial on November 15, 2023, and his intake at CCCC.

40. Answering Defendants admit that during Rogelio Latorre's period of detention at CCCC on or about November 15-16, 2023, he was assessed and properly treated by duly-trained health care providers at CCCC. Answering Defendants deny each and every remaining allegation set forth in Paragraph 40 of Plaintiff's Second Amended Complaint.

41. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of Plaintiff's Second Amended Complaint.

42.-43. Answering Defendants admit that during Rogelio Latorre's period of detention at CCCC on or about November 15-16, 2023, he was assessed and properly treated by duly-trained health care providers at CCCC. Answering Defendants deny each and every remaining allegation set forth in Paragraphs 42 and 43 of Plaintiff's Second Amended Complaint.

44. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of Plaintiff's Second Amended Complaint.

45. Answering Defendants deny each and every allegation contained in Paragraph 45 of Plaintiff's Second Amended Complaint.

46. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiff's Second Amended Complaint.

47.-48. Answering Defendants deny each and every allegation set forth in Paragraphs 47 and 48 of Plaintiff's Second Amended Complaint.

49.-52. Answering Defendants deny each and every allegation set forth in Paragraphs 49 through 52, inclusive, of Plaintiff's Second Amended Complaint.

53. Answering Defendants oppose and deny that Plaintiff is entitled to any relief set forth in Paragraph 53 of Plaintiff's Second Amended Complaint.

## ANSWER TO JURISDICTION AND VENUE

54.-55. Paragraphs 54 and 55 state legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraphs 54 and 55 of Plaintiff's Second Amended Complaint.

## ANSWER TO FACTUAL ALLEGATIONS

56-58. Paragraphs 56 through 58, inclusive, contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraphs 56 through 58, inclusive, of Plaintiff's Second Amended Complaint. At all times relevant to and referenced in Plaintiff's Second Amended Complaint, Answering Defendants provided constitutionally acceptable, high-quality medical services to the Cuyahoga County Corrections Center ("CCCC"). Working within the bounds of its contract with Cuyahoga County to provide medical services to CCCC, Answering Defendants have met and surpassed their constitutionally and contractually required duties in providing medical care to CCCC inmates.

59.-61. Answering Defendants deny each and every allegation set forth in Paragraphs 59 through 61, inclusive, of Plaintiff's Second Amended Complaint.

62. Answering Defendants admit that Rogelio Latorre was born on December 9, 1997, and was 25 years old at the time of his death. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 62 of Plaintiff's Second Amended Complaint.

63. Answering Defendants admit that Armond Budish became the Cuyahoga County Executive in January 2015. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 63 of Plaintiff's Second Amended Complaint.

64-66. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 64 through 66, inclusive, of Plaintiff's Second Amended Complaint.

67. Answering Defendants admit that a meeting of Cuyahoga County Council occurred in May 2018. Further answering, the MetroHealth Defendants state that events and comments made at the Council meeting are best reflected by official records and minutes of that Council meeting, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 67 of Plaintiff's Second Amended Complaint.

68. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of Plaintiff's Second Amended Complaint.

69. Answering Defendants deny each and every allegation set forth in Paragraph 69 of Plaintiff's Second Amended Complaint.

70.-74. Answering Defendants admit that Rogelio Latorre was transferred into the custody of CCCC on or about November 15, 2023. Answering Defendants admit that Mr. Latorre died on

November 16, 2023. Answering Defendants deny the truth of each and every remaining allegation set forth in Paragraphs 70 through 74, inclusive, of Plaintiff's Second Amended Complaint.

75. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of Plaintiff's Second Amended Complaint.

76. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of Plaintiff's Second Amended Complaint.

77. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77, including all sub-parts (a.-x.), of Plaintiff's Second Amended Complaint. Further answering, to the extent Plaintiff purports to characterize or restate the United States Marshals Service (USMS) November 21, 2018, Quality Assurance Facility Review report, the report itself is the best evidence of its contents and Answering Defendants deny any inconsistent characterization of the same.

78. Answering Defendants admit that decedent Rogelio Latorre was detained and in the custody of CCCC from November 15, 2023 to November 16, 2023. Further answering, Answering Defendants deny each and every remaining allegation set forth in Paragraph 78 of Plaintiff's Second Amended Complaint.

79-83. Answering Defendants deny each and every allegation set forth in Paragraphs 79 through 83, inclusive, of Plaintiff's Second Amended Complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF

84. In response to Paragraph 84, Answering Defendants restate their answers to Paragraphs 1 through 83, inclusive, of Plaintiff's Second Amended Complaint as though the same were fully set forth herein.

85. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of Plaintiff's Second Amended Complaint.

86-88. Answering Defendants deny each and every allegation set forth in Paragraphs 86 through 88, inclusive of Plaintiff's Second Amended Complaint.

89. Paragraph 89 and all of its subparts (a. – d.) contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation set forth in Paragraph 89 and all of its subparts (a. – d.) of Plaintiff's Second Amended Complaint.

90. Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation set forth in Paragraph 90 of Plaintiff's Second Amended Complaint.

91-92. Paragraphs 91 and 92, and the respective subparts of each, contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation set forth in Paragraphs 91 and 92 and all of the respective subparts of Paragraphs 91 and 92 of Plaintiff's Second Amended Complaint.

93-94. Answering Defendants deny each and every allegation set forth in Paragraphs 93 and 94 of Plaintiff's Second Amended Complaint.

## ANSWER TO SECOND CLAIM FOR RELIEF

95. In response to Paragraph 95, Answering Defendants restate their answers to Paragraphs 1 through 94, inclusive, of Plaintiff's Second Amended Complaint as though the same were fully set forth herein.

96. Paragraph 96 and all of its subparts (a.-f.) contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation set forth in Paragraph 96 and all subparts (a.–f.) of Plaintiff's Second Amended Complaint.

97.-100. Paragraphs 97 through 100, inclusive, contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation set forth in Paragraphs 97 through 100, inclusive, of Plaintiff's Second Amended Complaint.

101.-107. Answering Defendants deny each and every allegation set forth in Paragraphs 101 through 107, inclusive, of Plaintiff's Second Amended Complaint.

## ANSWER TO THIRD CLAIM FOR RELIEF

108. In response to Paragraph 108, Answering Defendants restate their answers to Paragraphs 1 through 107, inclusive, of Plaintiff's Second Amended Complaint as though the same were fully set forth herein.

109. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of Plaintiff's Second Amended Complaint.

110. Answering Defendants deny each and every allegation contained in Paragraph 110 of Plaintiff's Second Amended Complaint.

111. Answering Defendants admit that in their respective employments at CCCC they are acting under color of state law in performance of their lawful duties. Further answering, Answering Defendants deny each and every remaining allegation set forth in Paragraph 111 of Plaintiff's Second Amended Complaint.

112.-115. Paragraphs 112 through 115 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation set forth in Paragraphs 112 through 115, inclusive, of Plaintiff's Second Amended Complaint.

**ANSWER TO FOURTH CLAIM FOR RELIEF**

116. In response to Paragraph 116, Answering Defendants restate their answers to Paragraphs 1 through 115, inclusive, of Plaintiff's Second Amended Complaint as though the same were fully set forth herein.

117. Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained in Paragraph 117 of Plaintiff's Second Amended Complaint.

118-122. Answering Defendants deny each and every allegation set forth in Paragraphs 118 through 122, inclusive, of Plaintiff's Second Amended Complaint, and specifically deny that any of the Defendants, or their agents, employers, or employees, were or are negligent.

123. Answering Defendants deny each and every allegation set forth in Paragraph 123 of Plaintiff's Second Amended Complaint. Further answering, Answering Defendants state The MetroHealth System and the Answering Defendants provided and continue to provide constitutionally acceptable, high-quality medical and mental health services to the inmates at

CCCC working within the bounds of MetroHealth's contract with Cuyahoga County to provide medical and mental health services to CCCC.

124-127. Paragraphs 124 through 127 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained in Paragraphs 124 through 127, inclusive, of Plaintiff's Second Amended Complaint.

128. Answering Defendants specifically controvert the prayer for relief set forth in the unnumbered "WHEREFORE" paragraphs, including all subparts a, b, c, where stated, following Paragraphs 94, 107, 115, and 127 of Plaintiff's Second Amended Complaint, and deny that Plaintiff is entitled to any of the prayed for relief whatsoever.

## ANSWER TO ALL COUNTS, CLAIMS FOR RELIEF, AND PARAGRAPHS

129. Answering Defendants deny each and every allegation of Plaintiff's Second Amended Complaint not herein admitted. Answering Defendants further deny that they ever acted unconstitutionally, negligently, or with deliberate indifference, or that any of Answering Defendants, or any MetroHealth System agents or employees committed malpractice or otherwise acted wrongfully, both with respect to the allegations as presently stated, or as may hereinafter be amended, and also, for purposes of this Answer, deny that they have any liability or responsibility of any nature whatsoever for the damages being claimed by the Plaintiff herein.

## AFFIRMATIVE DEFENSES

For their separate and affirmative defenses to Plaintiff's Second Amended Complaint, Answering Defendants assert the following defenses. Answering Defendants reserve their right to amend this Answer to assert any other defenses that may become available during the litigation.

1. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered injuries or damages and/or there is no justiciable controversy.

3. Plaintiff's claims are barred, in whole or in part, because decedent Rogelio Latorre and/or Plaintiff did not exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997, et seq, and any other applicable law. Plaintiff's claims are additionally barred under any other available defense under the Prison Litigation Reform Act, 42 U.S.C. § 1997, et seq.

4. Any alleged injury or damage claims by Plaintiff were the direct and proximate result of acts or omissions by persons or entities other than the Answering Defendants.

5. Any alleged injury or damage claimed by Plaintiff was caused in whole or in part by the negligence, recklessness, lack of due care or fault of persons or entities other than the Answering Defendants.

6. Any alleged injury or damage claimed by Plaintiff was caused in whole or in part by intervening and/or superseding acts, events, or omissions of persons or entities other than the Answering Defendants.

7. Plaintiff's alleged injuries may have been caused in whole or in part, or may have been contributed to, by Plaintiff's or Decedent's own contributory or comparative negligence, culpable conduct, and express or implied assumption of risk. Such conduct serves as a bar to one or more of Plaintiff's claims or entitles Answering Defendants to a reduction in damages (R.C. § 2307.22, R.C. § 2315.32, et seq.).

8. Further answering, and without prejudice to their denials or other statements in this case, Answering Defendants state that any injuries allegedly sustained in the Second Amended Complaint were caused by the operation of nature and/or by an idiosyncratic reaction and were not due or caused by any alleged fault, lack of care, indifference, negligence, or breach of duty by Answering Defendants.

9. Any alleged injury or damage claims by Plaintiff and/or Decedent were the direct and proximate result of acts or omissions by persons or entities other than the Answering Defendants.

10. One of more of Plaintiff's claims are barred by the applicable statute of limitations and/or the equitable doctrines of waiver, estoppel, or laches.

11. Plaintiff has failed to join one or more necessary and indispensable parties.

12. Answering Defendants hereby raise, assert, and preserve their defenses of insufficiency of process and/or insufficiency of service of process.

13. Answering Defendants have, at all times, complied with all duties and standards required by the United States Constitution and Ohio law in accordance with its contract with Cuyahoga County.

14. To the extent Plaintiff requests monetary relief, Answering Defendants are protected from liability and suit by Eleventh Amendment immunity and the doctrine of qualified immunity.

15. Answering Defendants, at all relevant times, did not possess contractual or legal authority to set custom, policy, and/or practices at CCCC. As a result, Answering Defendants are not proper defendants in a claim under 42 U.S.C. § 1983 pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

16. Defendant MetroHealth qualifies as a political subdivision under R.C. § 2744.01(F), and its operation of a hospital constitutes a proprietary function pursuant to R.C. § 2744.01(G).

17. Answering Defendants raise, preserve, and invoke the defenses and immunities set forth in R.C. § 2744.03 as may be applicable in this case, including the immunity from liability conferred by R.C. § 2744.03(A)(5).

18. R.C. § 2744.05(A) bars the recovery of punitive or exemplary damages against Answering Defendants.

19. Answering Defendants raise, invoke, and preserve the mandatory setoff provisions of R.C. § 2744.05(B) which require all past and future collateral benefits to be deducted from any award in this case.

20. Answering Defendants raise, invoke, and preserve the mandatory caps on compensatory damages against a political subdivision as set forth in R.C. § 2744.05(C)(1).

21. Answering Defendants raise, invoke, and preserve all other substantive and procedural rights, entitlements, obligations, defenses, and immunities available to political subdivisions in civil actions for tort liability as set forth in R.C. Chapter 2744, including any applicable amendments thereto.

22. Answering Defendants are entitled to a set-off from any verdict or judgment entered against it, of any amount paid to Plaintiff by any other person or entity, pursuant to R.C. § 2307.28.

23. Answering Defendants are entitled to an apportionment of liability to other parties and non-parties to this action pursuant to R.C. § 2307.23.

24. Plaintiff has failed to plead special damages as required by Rule 9(g), and the demand and prayer for such damages must be stricken.

25. Answering Defendants preserve their objection and defense that Plaintiff has failed to comply with the jurisdictional requirements because the proper Affidavit(s) of Merit was not attached to Plaintiff's Complaint, Amended Complaint, or Second Amended Complaint.

26. Any allegations in the Second Amended Complaint that are not specifically admitted or denied elsewhere in this Answer are hereby denied.

27. Answering Defendants hereby give notice and intend to rely upon such other defenses as may become available during discovery proceedings in this case and hereby reserve their right to amend their Answer to assert any such defenses.

**WHEREFORE,** having fully answered Plaintiff's Second Amended Complaint, Answering Defendants request that Plaintiff's Second Amended Complaint be dismissed at Plaintiff's cost and that this Court grant any further relief that it deems just and equitable, including allowing costs and attorney fees to the Answering Defendants.

DATED: April 14, 2025

Respectfully submitted,

*/s/ Victoria L. Vance*

Victoria L. Vance (0013105)
Jon W. Oebker (0064255)
Kristin Volk (0105264)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: 216.592.5000
Facsimile: 216.592.5009
E-mail: victoria.vance@tuckerellis.com
jon.oebker@tuckerellis.com
kristin.volk@tuckerellis.com

*Attorneys for Defendants The MetroHealth System, Julia Bruner, M.D., Laurel Domanski Diaz, and "Nurse Reece"*

**JURY DEMAND**

These Answering Defendants demand a trial by jury on all issues so triable.

DATED: April 14, 2025

Respectfully submitted,

*/s/ Victoria L. Vance*
Victoria L. Vance (0013105)
Jon W. Oebker (0064255)
Kristin Volk (0105264)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: 216.592.5000
Facsimile: 216.592.5009
E-mail: victoria.vance@tuckerellis.com
jon.oebker@tuckerellis.com
kristin.volk@tuckerellis.com

*Attorneys for Defendants The MetroHealth System, Julia Bruner, M.D., Laurel Domanski Diaz, and "Nurse Reece"*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2025, a copy of the foregoing ***Medical Defendants' Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint*** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Victoria L. Vance*
*One of the Attorneys for Defendants The MetroHealth System, Julia Bruner, M.D., Laurel Domanski Diaz, and "Nurse Reece"*