**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH LATORRE, Administrator of the Estate of ROGELIO LATTORE | ) | CASE NO. 1:24-cv-02006 |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) | |
| CUYAHOGA COUNTY, OHIO, et al., | ) | |
| Defendants. | ) | |

DEFENDANTS ARMOND BUDISH, BRANDY CARNEY, AND NESTOR RIVERA'S MOTION FOR JUDGEMENT ON THE PLEADINGS

## INTRODUCTION

Plaintiff's claims against Defendants Cuyahoga County Sheriff's Department, Armond Budish, Brandy Carney, and Nestor Rivera should be dismissed because Plaintiff cannot establish a plausible claim against these Defendants. Budish, Carney, and Rivera were not involved in the alleged incidents that led to the death of Rogelio Lattore. Budish was not the County Executive during the relevant timeframe. Carney's position is not responsible for the operations of the Cuyahoga County Corrections Center. Likewise, Rivera was not involved in Jail operations at the time of the alleged incident involving Latorre.

Because Plaintiff has failed to allege plausible claims against Budish, Carney, or Rivera, they must be dismissed.

## RELEVANT FACTS

Plaintiff's claims arise from the death of Rogelio Latorre, who died while detained at the Cuyahoga County Corrections Center ("Jail"). The Second Amended Complaint seeks damages for alleged constitutional violations that Plaintiff claims led to Latorre's death. The Second Amended Complaint names, among others, Armond Budish, Brandy Carney, and Nestor Rivera, in both their individual and official capacities, as well as Cuyahoga County and non-sui juris Defendants Cuyahoga County Corrections Center and the Cuyahoga County Sheriff's Department.

Plaintiff's Second Amended Complaint alleges Rivera, "at all times material," was acting in his official capacity as Cuyahoga County's "Chief of Corrections." (Doc.# 36, PageID# 358-59). Plaintiff further alleges Budish was the "former Cuyahoga County Executive" and that Carney was the "Cuyahoga County Director of Public Safety and Justice Services," both of whom were allegedly acting in their official capacities during the relevant time frame. (Id. at PageID #359, 362).

Plaintiff identifies no specific actions attributable to Budish, Carney, or Rivera. Declarations attached to the County Defendants' Answer to the Second Amended Complaint confirm they *could not have been* "personally involved"—directly or indirectly—in the allegations that form the basis of the Second Amended Complaint. Budish was not the County Executive during Latorre's detention and has not been employed by the County since December 31, 2022. (See Doc.# 38-2, PageID# 441). Carney's position with the County, which she has held since March 9, 2022, does not involve jail operations. (See Doc.# 38-3, PageID# 443-44) And Rivera was not involved in Jail operations until June 16, 2024, months after Rogelio Latorre's death. (See Doc.# 38-1, PageID# 439).

Even so, the Second Amended Complaint only makes vague and unspecific allegations against Budish, Carney, and Rivera, which fail to identify any specific action they took towards Latorre in their individual capacities:

- That they "violated known and clearly established rights of [Latorre] to be free from the use of excessive force, cruel and unusual punishment, to due process of law, and necessary emergency medical and mental health care (*Id.*, PageID# 374);

- That undescribed "failures, negligence, costumes [sic], policies, lack of training and violation of *various* laws, and deliberate indifference by all Defendants" caused Latorre's death (*Id.*, PageID# 381-82);

- That they "participated in, or authorized the use of excessive force and/or failed to provide medical care, failed to prevent or acquiesced in the disregard for" Latorre's medical condition" (*Id.*, PageID# 385); and

- That they were "personally responsible" for Latorre's injuries and death because they were "personally involved." (*Id.*, PageID# 394).

Ostensibly based on these vague allegations, Plaintiff concludes Budish, Carney, and Rivera "acted with deliberate indifference to Rogelio Lattore" and "knowingly encouraged, authorized, approved, or knowingly acquiesced to the constitutional violations that led to Rogelio Latorre's damages." *Id.* But Plaintiff does not identify any particular action Budish, Carney, or Rivera took, or even that they had any involvement in or knowledge of Latorre's brief detention.

Despite the utter lack of allegations informing Defendants or this Court of Defendants' involvement with Latorre during the relevant timeframe, Plaintiff nevertheless brings § 1983 claims against them in their official and individual capacities under the Eighth and Fourteenth Amendments, alleging that the named County Defendants' unidentified actions or omissions constitute cruel and unusual punishment and deliberate indifference to Latorre's serious medical needs. He also brings a § 1983 "failure to supervise claim" based on the same sparse allegations.

## LAW AND ARGUMENT

### I. Standard of Review

A motion for judgment on the pleadings under Civil Rule 12(c) may be granted where the factual allegations of the pleadings, plus attached exhibits to the pleadings (which are all to be taken a true), demonstrate that the plaintiff has not asserted a plausible claim against the defendant. *Grant, Konvalinka & Harrison PC v. Banks (In re McKenzie),* 716 F.3d 404, 411 (6th Cir. 2013); Fed. R. Civ. P. 12(c). A claim has plausibility where the factual allegations of the pleadings allow the Court to draw the inference that the defendant is liable for the misconduct alleged. *Cleveland Firefighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007); *Dobrski v. Ford Motor Co.*, 698 F. Supp.2d 966, 974 (N.D. Ohio 2010). While the Court must accept the factual allegations of plaintiffs' Complaint as true, the Court need not do so with the legal conclusions contained therein. *Id.*; *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

"Conclusory allegations of collective, unspecified, and undifferentiated wrongdoing is [sic] not sufficient: 'vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts' fails to satisfy the *Iqbal/Twombly* standard." *Kurek v. Ohio Department of Development Disabilities*, Case No. 3:16CV623, 2017 WL 1555930 (N.D. Oh. Jan. 20, 2017); *Hall v. Madison Police Dept.*, No. 1:18-cv-01999, 2018 WL 5775914 (N.D. Oh. Nov. 2, 2018). In order to adequately state a claim for relief, a complaint must identify which Defendant contributed to which injuries. *In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917, 932 (6th Cir. 2014).

The Court may consider documents attached to the pleadings in its determination of a motion for judgment on the pleadings. *Dobrski,* 698 F. Supp.2d at 975; see also, *Greenberg v. The Life Insurance Company of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). The Court may also consider matters of public record. *Northville Downs v. Granholm,* 622 F.3d 579, 586 (6th Cir. 2010); *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC,* 702 F. Supp.2d 826, 832 (N.D. Ohio 2010) (under *Civil Rule* 12(c), the Court can consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice).

## II. Plaintiff brings superfluous official-capacity claims against the named Cuyahoga County Defendants.

Plaintiff sues Budish, Rivera, and Carney in both their official and individual capacities. But "[w]here the entity is named as a defendant, an official-capacity claim is redundant." *Foster v. Michigan*, 573 F. Appx. 377, 389-90 (6th Cir. 2014). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham,* 473 U.S. at 166. Here, Budish, Carney, and Rivera are (or were) employees or officials of Cuyahoga County. The County is also named in this lawsuit and has received notice. Accordingly, the official capacity claims against them are redundant to the claims against Cuyahoga County and should be dismissed.

## III. Budish, Carney, and Rivera could not have been personally involved in the events surrounding Latorre's detention.

As to the individual capacity claims against Budish, Carney, and Rivera, Plaintiff fails to adequately plead that they were personally involved in any aspect of Latorre's detention. Nor could

he. Budish was not the County executive on November 15, 2023, when Latorre was booked into the Jail. (See Doc.# 38-2, PageID# 441). In fact, Budish left office on December 31, 2022, which was approximately eleven and one-half months before Latorre's in-custody death. Furthermore, Carney's position with the County at the time of Latorre's death had nothing to do with Jail operations. (See Doc.# 38-3, PageID# 443-44). And Rivera, though employed by the Sheriff's Office, was not involved in Jail operations until June 16, 2024, long after Latorre's detention and death. (See Doc.# 38-1, PageID# 439).

## IV. Plaintiff does not allege with any specificity which defendants were involved in constitutional violations—or how.

Plaintiff's allegations also lack the necessary particularity to adequately plead claims against the Budish, Carney, or Rivera in their individual capacities. He claims only that they were "personally involved" and contributed to the injuries suffered by Rogelio Latorre. (Doc.# 36, PageID# 357-63). Plaintiff also alleges that they each "encouraged, authorized, approved, or knowingly acquiesced to the constitutional violations that lead [sic] to… Latorre's damages." (*Id.*)

Plaintiff does not allege, however, *what* particular actions Defendants took, or *how* those actions caused Latorre harm. In other words, Plaintiff merely offers speculative and conclusory allegations to support Defendants' involvement. "Bare and conclusory allegations that a defendant personally deprived the plaintiff of constitutional or statutory rights are insufficient" to withstand a motion to dismiss. *Kesterson v. Fed. Bur. of Prisons*, 60 F. App'x 591, 592 (6th Cir. 2003), citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The black-letter law in the Sixth Circuit requires a Plaintiff to state "with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008); *see also Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution.") (emphasis added); *Ondo v. City of Cleveland*, No. 1:12-cv-122, 2012 U.S. Dist. LEXIS 121786, *7 (N.D. Ohio Aug. 27, 2012) ("To establish liability under section 1983 against an individual defendant a plaintiff must plead and prove that the defendant was personally involved in the activity that forms the basis of his complaint."). Plaintiff cannot simply lump Defendants together and claim that their amorphous "actions" caused Latorre's harm. He must state—with specificity—which (and what) complained of acts were committed by which of the named Defendants.

Yet Plaintiff fails to allege any specific actions attributable to Defendants Budish, Carney, or Rivera in their individual capacities. He does not allege that any of these Defendants were responsible, directly or indirectly, for Latorre's booking and detention. Nor does he allege they were the individuals responsible for checking on Latorre "at regular intervals" during his detention. In fact, the only specific allegation is that "Defendants employed guards and/or prison staff" who were. (Doc.# 36, PageID# 374).

At best, the individual claims against Defendants Budish, Carney, and Rivera are tied solely to their alleged supervisory roles within the Jail. But simply identifying a defendant's supervisory role is not enough to establish personal liability. *See McKinney v. Kasich*, No. 2:15-CV-2043, 2016 U.S. Dist. LEXIS 39519, at *16 (S.D. Ohio Mar. 25, 2016) (citation omitted). "Government officials may not be held liable for the unconstitutional conduct of their subordinates

under a theory of respondeat superior." *Frazier v.* Michigan, 41 F. App'x 762, 764, (6th Cir. 2002). "Nor can liability of supervisors be based solely on the right to control employees or simple awareness of employees' misconduct." *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460 (6th Cir. 2006). Individual liability must therefore "be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. Ky. 1991).

Plaintiff must plead facts that, as supervisors, Defendants "encouraged the *specific* incident or misconduct or in some other way directly participated in it." *Cardinal v. Metrish*, 564 F.3d 794, 802-803 (6th Cir. 2009); *see also Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir.2011) ("Personal involvement is necessary to establish section 1983 liability."). He has not. The Complaint fails to identify specific acts attributable to the individual Defendants, let alone explain how these Defendants, in their supervisory roles, "encouraged… or directly participated" in any misconduct. Moreover, as discussed above, documents attached to the pleadings show Budish, Carney, and Rivera, were not involved with the Jail at the time of Latorre's detention. Plaintiff's individual-capacity claims against Budish, Carney and Rivera must therefore be dismissed.

**V. Budish, Carney, and Rivera are entitled to Qualified Immunity on Plaintiff's § 1983 claims.**

"Qualified immunity protects government officials from civil damages unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established' at the time." *Reich v. City of Elizabethtown*, 945 F.3d 968, 977-978 (6th Cir. 2019) (citing *District of Columbia v. Wesby*, 138 S.Ct. 577, 589, (2018)). This doctrine "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Id.* (citing *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir.

2009)). At the pleading stage, the Court must "'determine whether the facts alleged make out a violation of a constitutional right' and also 'ask whether the right at issue was clearly established when the event occurred so that a reasonable officer would have known that his conduct violated it.'" *Crawford*, 15 F.4th at 762-63 (quoting *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). The Court may answer these questions in any order. *Id.* at 763.

As noted above, Plaintiff has failed to plead valid constitutional claims against Budish, Carney, or Rivera in their individual capacities. As such, they are entitled to qualified immunity. *See Crawford*, 15 F. 4th at 767. Plaintiff's Complaint also fails to overcome the "clearly established" hurdle.

Generally, the plaintiff must be able to identify a prior case with a similar fact pattern to defeat a motion to dismiss based on qualified immunity. *Arrington-Bey v. City of Bedford Hts.*, 858 F.3d 988, 993 (6th Cir. 2017); *see also White v. Pauly*, 137 S.Ct. 548, 552 (2017). And any prior decisions the plaintiff points to cannot merely define the clearly established right at a high level of generality; it must closely match the legal and factual issues presented. *City of Tahlequah v. Bond*, 142 S.Ct. 9, 12 (2021); *Rivas-Villegas v. Cortesluna*, 142 S.Ct. 4, 8 (2021).

Here, no reasonable official in Budish, Carney, or Rivera's position could have been on notice that their alleged conduct (or lack thereof) could have violated Latorre's constitutional rights at the time of his detention. There are no cases that suggest, let alone clearly establish, that an individual could be liable for an alleged constitutional violation without being personally involved. Indeed, as stated above, Supreme Court and Sixth Circuit cases make absolutely clear that "a government official may only be liable [under § 1983] for his or her own misconduct," *Iqbal*, 556

U.S. 662, 677 (2009), "based on their own unconstitutional behavior." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

By virtue of their lack of employment with the County (Budish) or not being involved in the Jail at the time of the incident involving Latorre (Rivera and Carney), Defendants Budish, Careny, and Rivera are entitled to qualified immunity. None of these Defendants could have possibly violated Latorre's rights. But even if this Court were to make the unprecedented conclusion that they could be liable under the circumstances of this case, they would be entitled to qualified immunity because the Sixth Circuit requires some level of personal involvement in the incident that led to the constitutional violation before a government employee is held personally liable. Accordingly, Budish, Carney, and Rivera are entitled to qualified immunity.

## **CONCLUSION**

For these reasons, this Court should grant judgment on the pleadings for Defendants Armond Budish, Brandy Carney, and Nestor Rivera and dismiss the claims against them, with prejudice.

Respectfully submitted,
MICHAEL C. O'MALLEY, Prosecuting
Attorney of Cuyahoga County, Ohio

By: /s/ Jake A. Elliott
BRENDAN D. HEALY (0081225)
bhealy@prosecutor.cuyahogacounty.us
Phone: (216) 698-6447
JAKE A. ELLIOTT (0093521)
jelliott@prosecutor.cuyahogacounty.us
Phone: (216) 443-5756
CRAIG MCCLELLAND (0097332)

cmclelland@prosecutor.cuyahogacounty.us
Tel: (216) 443-3504
Cuyahoga County Prosecutor's Office
The Justice Center, Courts Tower

1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

*Attorneys for County Defendants*

**CERTIFICATION OF COMPLIANCE WITH L.R. 7.1(f)**

This memorandum, excluding this certificate and the signature block, is less than twenty (20) pages long and complies with L.R. 7.1(f).

/s/Jake A. Elliott
Jake A. Elliott (0093521)