IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH LATORRE, Administrator of the Estate of Rogelio Latorre, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>CUYAHOGA COUNTY, OHIO, et al.<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: 1:24-cv-02006<br><br>JUDGE PATRICIA A. GAUGHAN<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS, BUDISH, CARNEY AND RIVERAS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff, Joseph Latorre, administrator of the estate of Rogelio Latorre (hereinafter "Plaintiff"), respectfully requests that this Court deny Defendants Budish (hereinafter "Budish"), Carney (hereinafter "Carney") and Rivera (hereinafter "Rivera" and collectively the "Defendants") Motion for Judgment on the Pleadings. Judgment on the Pleadings is inappropriate because the facts pleaded in Plaintiff's Complaint state viable claims against Defendants. To the extent that the Defendants disagree with the facts pleaded in the Complaint, the Defendants' remedy is to file a motion for summary judgment, not a motion for judgment on the pleadings. Plaintiff has properly set forth a short and plain statement of the claims, with ample factual allegations that, taken as true and drawing all reasonable inferences in favor of the Plaintiff, demonstrate that Defendants' conduct renders them liable for the death of Decedent Rogelio Latorre (hereinafter "Decedent" or "Rogelio"). At a minimum, the allegations and claims are plausible.

For these and other reasons explained in the Memorandum in Opposition attached

hereto and incorporated herein, Plaintiff requests that Defendants' Motion for Judgment on the Pleadings be denied in its entirety.

Respectfully submitted,

*/s/ Thomas D. Robenalt*

Thomas D. Robenalt (0055960)
Alexander H. Maxwell (0101248)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Rd., Suite 103
Westlake, Ohio 44145
Phone: 216-223-7535
Fax: 216-307-2352
Email: trobenalt@robenaltlaw.com
amaxwell@robenaltlaw.com

*Attorneys for Plaintiff*

**MEMORANDUM IN OPPOSITION**

## I. STATEMENT OF FACTS

The facts and allegations pleaded in Plaintiff's Complaint state viable claims against all of the Defendants. The Plaintiff specifically asserted that the Defendants have policymaking authority and were personally responsible for the deliberate indifference towards the medical needs of Rogelio, resulting in his death. Thus, regardless of whether the Defendants were actually in office at the time, each of the Defendants were responsible for and had knowledge of the policies that directly lead to the death of Rogelio. At this point in the case, the Plaintiff's claims, when presumed true, state a case against the Defendants.

Although not necessarily required to, it contained very specific facts and allegations regarding Rivera. Specifically, the Second Amended Complaint asserts that Defendant Rivera was at all times material in a policymaking position, and that he was personally responsible for the constitutional acts committed upon Rogelio. (Doc #36, PageID. 358, ¶5). It also asserts that he acted with deliberate indifference to the medical needs of the decedent. *Ibid.* Similar accusations are made against Defendants Budish (Doc #36, Page ID. 359, ¶7) and Carney (Doc #36, Page ID. 362, ¶13). The Second Amended Complaint then avers that the Defendants were responsible for the administration, operation and supervision of the Cuyahoga County Corrections Center (hereinafter the "Corrections Center") , and for the promulgation of rules and procedures for the Corrections Center. (Doc #36, Page ID. 368, ¶28). The Defendants are also believed to be the parties who maintained and/or controlled the Corrections Center (Doc #36, Page ID. 368, ¶29). Thus, each of the Defendants, individually and collectively, are alleged to have engaged in and/or

otherwise created or maintained the policies that directly led to the death of the Decedent. The Defendants' hands on failures to appropriately run the Corrections Center led to the death of the Decedent.

Furthermore, with respect to deliberate indifference, the Second Amended Complaint also avers that the Defendants knew or should have been aware of the serious medical needs of the Decedent for medical attention, that the Defendants were under a nondelegable duty to provide medical care and failed to do so. (Doc #36, Page ID. 368, ¶30-31). Similar claims are also made regarding the Defendants' knowledge and acquiescence to the use of excessive force against the Decedent. (Doc #36, Page ID. 368, ¶45). The Defendants' knowledge of the constitutional violations occurring at the Corrections Center, and their failure to do anything about the violations renders the Defendants personally liable with respect to the Plaintiff's Complaint. The actions or inactions of the Defendants directly and proximately caused the death of the Decedent.

The Defendants were aware of the Decedent's serious medical needs and failed to act. The pleadings, as much as the Defendants would like to contest them on the underlying facts, are sufficient to survive the Fed. C. R. 12(C) motion, because the facts in the Plaintiff's Second Amended Complaint are presumed to be true at this stage in the proceeding.

## II. LAW AND ARGUMENT

### A. Standard of Review.

In considering a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the standards a court applies are the same as those governing a motion to dismiss under Rule 12(b)(6). *Roth v. Guzman,* 650 F.3d 603, 605 (6th Cir. 2011).

In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 479 F.2d 478, 480 (6th Cir. 1973). Plaintiff is the opposing party and, as such, her allegations must be accepted as true. Indeed, "Such a motion is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations. Thus, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true[.]" *Ouwinga v. Benistar 419 Plan Servs., Inc.* 645 F. 3d 738, 790 (6th Cir. 2012). (Internal quotations and citations omitted). Moreover, the pleading, or Plaintiff's Complaint, should be considered as a whole as the Court, "must consider the complaint in its entirety and decide whether *all* of the facts alleged, taken collectively state a claim." See, *In re Omnicare, Inc. Securities Litigation,* 769 F. 3d 455, 473 (6th Cir. 2014).

It is true that the Court must separate factual allegations from legal conclusions and may consider as true only those factual allegations which meet a threshold test for plausibility. *See, e.g., Tucker v. Middleburg-Legacy Place*, 539 F.3d 545 (6th Cir. 2008), citing, *inter alia, Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See also Enyart v. Ohio Dep't of Rehab. & Correction*, S.D.Ohio No. 2:16-cv-161, 2016 U.S. Dist. LEXIS 137724, at *5 (Oct. 4, 2016). However, "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *See 16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.,* 727 F.3d 502, 504 (6th Cir. 2013) (citations omitted).

As such, judgment on the pleadings is appropriate only in rare circumstances because the Court is limited to evaluating whether a plaintiff's complaint sets forth plausible allegations sufficient to make out the elements of a cause of action. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir. 1983). This Court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). Thus, a defendant should not succeed on its motion for judgment on the pleadings if the allegations in the complaint, if proved, would permit recovery on those claims.

Furthermore, the Sixth Circuit has cautioned that "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016), quoting *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015). Thus, this Court should not yet make a decision on qualified immunity, should it determine that there are viable claims against the Defendants.

## B. Defendants are not entitled to a judgment on the Pleadings.

### 1. Plaintiff is not asserting a claim against Defendants for failure to supervise or train.

Plaintiff is not asserting a claim against Defendants for failure to supervise or train in her first claim for relief. That claim, rather, is directed at his employer Cuyahoga County. This is evident when the Complaint is read as a whole.

### 2. Defendants are not entitled to judgment on the pleadings.

Plaintiff is asserting a claim against Defendants pursuant to 42 U.S.C. §1983 for violation of Decedents Fourth, Eighth, and Fourteenth Amendment rights and Defendants

are not entitled to relief. The claim is based on the Defendants' knowing failure to adequately provide medical care for the Decedent.

Pre-trial detainees have the same Constitutional rights as a post-conviction inmate. *See Thompson v. County of Medina,* Ohio 29 F.3d 238, 242 (6th Cir., 1994); *Also see, Roberts v. City of Troy,* 773 F.2d 720, 723 (6th Cir. 1985). Even the *Barber* case cited by Defendants reflects this, "the Eighth Amendment rights of prisoners are analogous to pretrial detainees' due process rights under the Fourteenth Amendment." *Barber v. Salem*, 935 F. 2d 232, 235 (6th Cir. 1992). Defendants concede this point. See, Defendants' Motion [ECF 44] pg. 9.

Plaintiff's Decedent, therefore, had a right to medical care which included medical evaluation and treatment. The Eighth Amendment is violated when "officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001) (citing *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The clearly established right to be free from deliberate indifference to medical needs extends to an inmate's psychiatric needs. *Id.* (citing *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir. 1989)); *see also Clark-Murphy v. Foreback,* 439 F.3d 280, 292 (6th Cir. 2006The 6th Circuit Court of Appeals has held that this type of failure satisfies the subjective component of a Constitutional violation. Failure "to adhere to a prescribed course of treatment may satisfy the subjective requirement of an Eight Amendment violation." See, *Richmond v. Huq*, 879 F. 3d 178, 188 (6th Cir. 2018).

The real issue raised by Defendants Motion is the sufficiency of the facts and allegations in Plaintiff's Complaint. This case, however, is in the pleading stage. Viewing the facts alleged in the Complaint in the light most favorable to the Plaintiff, and drawing

all reasonable inferences therein, the Complaint sufficiently makes a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As further evidenced in the Statement of Facts above, Plaintiff's Complaint easily surpasses the "formulaic recitation of the elements of a cause of action" deemed insufficient to meet the pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The pleading standard Rule 8 announces does not require detailed allegations, but it demands . . . more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Additionally, "On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The law has never required plaintiffs to present at the pleading stage the specific, individualized factual allegations demanded by the Defendants in their Motion. There is no heightened pleading standard for a §1983 claim as Defendants suggest. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164 (1993). While Defendants may take issue with the facts as pled in the Plaintiff's Complaint, the opportunity for the Defendants to contest the facts occurs through discovery and at the summary judgment stage. When taken in a light most favorable to the Plaintiff, the totality of the facts alleged in Plaintiff's Complaint are more than sufficient to demonstrate plausible violations of Constitutionally protected rights that lead to the death of Decedent. Taking everything as true and drawing all reasonable inferences therefrom this is certainly a plausible claim.

### 3. Defendants are not entitled to qualified immunity at this stage of the proceedings.

Qualified immunity only shields individuals from liability where their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Richmond v. Huq*, 885 F.3d 928, 947 (6th Cir. 2018) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d. 565 (2009). To survive a motion to dismiss on qualified immunity grounds, the complaint must allege facts that "plausibly mak[e] out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Johnson v. Mosely*, 790 F.3d 649, 653 (6th Cir. 2015). "The test is whether, reading the complaint in the light most favorable to the plaintiff, it is plausible that an official's acts violated the Plaintiff's clearly established constitutional right." *Heyne v. Metro Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (internal citations and quotation marks omitted). The inquiry into whether the constitutional right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Pearson* at 201.

#### a. In a light most favorable to Plaintiff, the Complaint has shown plausible violations of constitutionally protected rights by Defendants.

Decedent had a clearly established right to medical care which included medical evaluation and treatment. "[A] prisoner's Eighth Amendment right is violated when officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001) (citing *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

Failing to make medical arrangements for the Decedent and acquiescing to the excessive use of force give rise to the Defendants' liability under 1983. The Plaintiff's Complaint must be considered together for the overall negative impact and constitutional violation. "The Sixth Circuit has not hesitated to remand cases where a district fails to consider the combined negative impact of various Eighth Amendment Claims." *Peopoles v. Bauman,* 2017 WL 7050280, at *5 (6th Cir. 2017). In a light most favorable to Plaintiff, the Complaint, as demonstrated above, has established violations of these constitutionally protected rights by Hossler.

*Comstock v. McCrary* held that "officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care. . ." 273 F.3d 693, 702 (6th Cir. 2001). In other words, an official has only violated a constitutional right if that official had knowledge of or was "aware of facts from which the inference could be drawn that [Decedent] was at a substantial risk of harm or suicide." *Vega v. Davis*, 673 Fed. Appx. 885, 890 (10th Cir. 2016).

When taken in a light most favorable to the Plaintiff, the totality of the facts alleged in Plaintiff's Complaint are more than sufficient to demonstrate violations of constitutionally protected rights, meeting the first prong of the test for rejecting the qualified immunity defense by a government official. It is also worth noting that in their motion, the Defendants claim that Defendant Budish was not an official of the County at the time of the Complaint. Thus, if they are claiming that he did not act in his official capacity, he is not entitled to immunity.

**b. The rights violated by Defendants were clearly established as a matter of law.**

In addition to the analysis above, which shows violations of constitutional rights in this case, the Supreme Court addressed the question of what constitutes "clearly established" in *Hope v. Pelzer*:

> Qualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful. For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent. (internal citations omitted) (internal quotation marks omitted).

536 U.S. 730, 739 (2002). Furthermore,

> Our opinion in *Lanier* thus makes clear that officials can still be on notice that their conduct violates established law even in novel factual circumstances. Indeed, in *Lanier*, we expressly rejected a requirement that previous cases be "fundamentally similar." **Although earlier cases involving "fundamentally similar" facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding.**

*Id.*, 741 (**emphasis added**). The Sixth Circuit has elaborated on the requirements of a claim asserting constitutional violations for denial of medical care in *Jones v. Muskegon Cnty.* as having both objective and subjective components.

"The objective component requires the existence of a "sufficiently serious" medical need. 625 F.3d 935, 941 (6th Cir. 2010); *see also Farmer*, 511 U.S. at 834. This medical need is defined as one "that has been diagnosed by a physician as mandating treatment or

one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). "[W]here a plaintiff's claims arise from an injury or illness so obvious that even a layperson would easily recognize the necessity for a doctor's attention ... it is sufficient to show that [the plaintiff] actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899-900 (6th Cir.2004) (internal citations and quotations omitted). That has been done in the facts above.

The subjective element requires demonstrating that, in denying medical care, officials have a sufficiently culpable state of mind, established where officials act with deliberate indifference. *Farmer*, 511 U.S. at 834. The Supreme Court has defined deliberate indifference as

> something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result . . . [the] **standard of purposeful or knowing conduct is not, however, necessary** to satisfy the *mens rea* requirement of deliberate indifference for claims challenging conditions of confinement . . .

*Id.* at 835-36 (**emphasis added**). The Supreme Court has long held that there is an Eighth Amendment right to treatment for their "serious medical needs." 2018 U.S. Dist. LEXIS 168558, quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). As noted in *Estelle*, "The government has an obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat [her] medical needs; if the authorities fail to do so, those needs will not be met." *Id.* at 103.

Crucially, the standards for judging the sufficiency of factual allegations present in a Complaint extend to consideration of motions invoking the immunity defense. "A defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept [that] . . . **the plaintiff is entitled to all reasonable inferences from the facts alleged**, not only those that support his claim, but also those that defeat the immunity defense." *Lara-Grimaldi* at 25, quoting *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (**emphasis added**). "While acknowledging that "insubstantial claims against government officials should be resolved as early in the litigation as possible, preferably prior to broad discovery, [the Sixth Circuit] also ha[s] cautioned that it is **generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity**[,]" noting summary judgment is generally the more appropriate time to resolve qualified immunity." *Jordan v. Summit Cty.*, 2018 U.S. Dist. LEXIS 154663, quoting *Courtright v. City of Battlecreek*, 839 F.3d 513, 518 (6th Cir. 2016) (**emphasis added**); see also *Greer v. City of Highland Park, Michigan*, 884 F.3d 310, 317 (6th Cir. 2018) (affirming denial of motion for judgment on the pleadings based on qualified immunity).

The doctrine of qualified immunity is designed to give government officers fair warning that their conduct violates the constitutional rights of others. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about *open* legal questions. When properly applied, it protects "all but the plainly incompetent or those who knowingly violate the law."" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011), quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The Sixth Circuit has recognized the conditions must be looked at as a whole. See *Francis v. Altiere*, 491 Fed App'x 539(6th Cir. 2012). "While it is appropriate to consider asserted deprivations individually and in combination, the court should also consider the interrelationship between the severe conditions and their duration, coupled with any other relevant evidence in the record." *Id.*, 543. The Sixth Circuit has remanded cases to the district court for "failing to consider the combined negative impact" of various Eighth Amendment claims. *Peoples v. Bauman*, 2017 WL 7050280, at *5 (6th Cir. 2017). In *Patterson v. Mintzes*, the court reversed and remanded in favor of the plaintiff because "adjudication of the Eighth Amendment claim may necessitate development of additional facts not incorporated into the record . . . summary judgment disposition of Patterson's Eighth Amendment claim was clearly improper." 717 F.2d 284, 289 (6th Cir. 1983); *see also Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985).

## III. CONCLUSION

Plaintiff has properly set forth a short and plain statement of the claims, with ample factual allegations that, taken as true and drawing all reasonable inferences in favor of the Plaintiff, demonstrate that Defendants' conduct renders them liable for the death of Decedent. At a minimum, the allegations and claims are plausible. Defendants' Motion for Judgment on the Pleadings should be denied in its entirety.

Respectfully submitted,

*/s/ Thomas D. Robenalt*

Thomas D. Robenalt (0055960)
Alexander H. Maxwell (0101248)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Rd., Suite 103
Westlake, Ohio 44145
Phone: 216-223-7535
Fax: 216-307-2352
Email: trobenalt@robenaltlaw.com
amaxwell@robenaltlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I served the foregoing Plaintiffs' Brief in Opposition by electronically filing the pleading using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Thomas D. Robenalt*

Thomas D. Robenalt (0055960)

## CERTIFICATE OF COMPLIANCE

This memorandum, excluding this certificate and the signature block, is less than twenty (20) pages long and complies with L. R. 7.1(f)

*/s/ Thomas D. Robenalt*

Thomas D. Robenalt (0055960)